IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE:                                          No. C 02-1240 CW

HOUSEHOLD LENDING LITIGATION                    ORDER GRANTING
                                                MOTION TO OPT
                                                OUT

_____/

Wade Hulsizer and Beverly Ohlhausen (collectively, Movants) move for an order allowing them to opt out of the class settlement of this case or, in the alternative, for an enlargement of time to opt out.  Defendants Household International, Inc., Household Finance Corporation II, Household Finance Corporation III, Household Realty Corporation, Beneficial Finance, Beneficial of Washington, Inc. and other related Household Finance corporate entities (collectively, HFC) oppose the motion.  The matter was taken under submission on the papers.  Having considered the papers filed by the parties, the Court grants the motion to opt out out.[1]

---

[1] HFC objects to certain exhibits filed in support of Movants' motion to opt out as well as the Hulsizer and Ohlhausen affidavits filed in support of Movants' reply.  HFC's objections

BACKGROUND

In October, 2000, Movants, a husband and wife, obtained loans through HFC secured by their house in Mattawa, Washington. Movants subsequently filed for bankruptcy and, in May, 2001, moved to Mead, Washington. In September, 2003, Movants purchased a house in Post Falls, Idaho. Movants did not leave a forwarding address when they moved to Idaho, instead informing only family, friends and creditors. Movants did not notify HFC of this move because HFC was no longer one of their creditors.

In 2002, Movants decided to pursue claims against HFC. Movants were unable to obtain private counsel but, in October, 2003, retained University Legal Assistance (ULA), a legal clinic at Gonzaga University School of Law, to represent them in their claims against HFC. Movants at that time chose not to participate in an opt-in class action brought by the Attorney General for the State of Washington. On December 5, 2003, ULA sent a letter on Movants' behalf to Andrew Budish, HFC's legal counsel, demanding compensation for HFC's alleged predatory lending practices. Clarke Decl., Ex. A. The letter explained that Movants were represented by ULA and resided in Idaho.

On December 12, 2003, this Court issued a preliminary order approving a class action settlement of Movants' claims and

---

are overruled. To the extent that the Hulsizer and Ohlhausen affidavits introduce new matter, they respond to arguments in HFC's opposition and are therefore admissible. With respect to the exhibits, the Court relies only on Exhibits A and B; objections to the other exhibits are overruled as moot. These exhibits were accompanied by, although not literally attached to, an affidavit by Supervising Attorney Owen Clarke that sufficiently authenticates the documents.

1  providing for notice to the class (hereinafter the <u>Acorn</u> action
2  or <u>Acorn</u> class settlement).  That order required any person who
3  wanted to be excluded from the settlement to mail a request for
4  exclusion to the Settlement Administrator no later than twenty-
5  one days prior to the April 30, 2004 fairness hearing, that is,
6  no later than April 9, 2004.  On April 30, 2004, this Court
7  issued a final order approving the class settlement and a
8  judgment.

9       Meanwhile, on January 19, 2004, HFC responded to the demand
10 letter, denying the allegations therein but stating that Movants
11 would receive a $1,393.20 refund check and an offer from Mr.
12 Budish to restructure the account if the bankruptcy was
13 reopened.  Clarke Decl., Ex. B.  According to that letter,
14 Movants were sent a carbon copy, with a check enclosed, to their
15 Mead, Washington address.  Movants declare that they never
16 received the letter with the check.  Hulsizer Decl. ¶ 8.

17      Movants also never received an opt-out form or other
18 notification regarding the <u>Acorn</u> class settlement.  According to
19 a representative of the Settlement Administrator, the class
20 notice was sent on December 22, 2003 to their Mead, Washington
21 address, and was not returned.  Movants were found to be
22 eligible to receive a claim form.  The Settlement Administrator
23 mailed a claim form to Movants twice, on August 13, 2004 to the
24 Mead address and on September 9, 2004 to the Mattawa, Washington
25 address.  Both times the form was returned as undeliverable.
26 <u>See</u> Jinkens Decl. ¶¶ 4-7.  Movants claim that had they received
27 notice of the <u>Acorn</u> class action, they would have opted out.

3

On October 8, 2004, Movants filed suit against HFC in Spokane County Superior Court. On or about November 5, 2004, HFC filed an answer, in which it asserted as an affirmative defense Movants' failure to opt out of the Acorn class settlement. Counsel for Movants concurrently learned of the Acorn settlement at a national consumer law conference. Clarke ¶ 9. After obtaining an affidavit from the Settlement Administrator and local counsel, Movants filed the instant motion to opt out on January 3, 2005.

## LEGAL STANDARD

In requesting exclusion from the class after the April 9, 2004 opt-out deadline, Movants are effectively seeking relief from final judgment under Federal Rule of Civil Procedure 60(b).[2] The standard for determining whether Movants should be allowed to opt out of the class after the applicable deadline is whether their failure to comply with the deadline is the result of "excusable neglect." Fed. R. Civ. P. 60(b). This standard allows courts, "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 388 (1993). It is appropriate for courts to accept such late

---

[2] Because final judgment has been entered, Federal Rule of Civil Procedure 60(b) governs this motion, rather than Federal Rule of Civil Procedure 6(b)(2) which provides for the enlargement of time. See In re New England Mut. Life Ins. Co. Sales Practice Litig., 204 F.R.D. 6, 11 (D. Mass. 2001).

4

filings when the party's neglect can be considered "excusable," a determination that is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. at 395. The relevant circumstances include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was in reasonable control of the movant, and whether the movant acted in good faith." Id.

## DISCUSSION

Movants do not challenge the constitutional adequacy of the class action notice. Indeed, as HFC notes, the Court has already determined that the notice to class members was generally adequate. See November 3, 2004 Order Granting in Part and Denying in Part Movants' Motion to Opt Out (the Barrow Order) at 5; November 23, 2004 Order Denying Movants' Motion to Opt Out (the Jamieson Order) at 4-5; and November 23, 2004 Order Denying Movants' Motion to Opt Out (the Woodward Order) at 4-5.

Instead, Movants argue that their neglect should be excused because their failure to opt out was due to circumstances beyond their control and the relevant circumstances weigh in favor of allowing them to opt out.

HFC does not dispute that Movants' failure to opt out was due to circumstances beyond their control, specifically their failure to receive actual notice of the class settlement. The evidence indicates that had Movants received actual notice, they

5

would have opted out of the settlement.

HFC argues that the relevant factors weigh against finding excusable neglect. Although HFC asserts that it will be prejudiced if Movants are allowed to file a late request for exclusion, this claim is not well-taken. Defendants claim that they will lose a "significant benefit" of the settlement if Movants are allowed to bring their claims, namely the ability to determine the number of opt-outs by the April 9 deadline and thereby "resolve most of the potential claims." Defs.' Opp. at 10. However, any prejudice suffered by HFC does not outweigh the prejudice caused to Movants due to their failure to opt-out or participate in a settlement of which they had no actual notice. Granting Movants' motion will have no negative impact on the judicial proceedings; other potential class members have also been allowed to opt out after the deadline.

The nearly nine month delay between the opt-out deadline and the instant delay is lengthy, but it is not unjustified. For seven of those nine months, Movants and their counsel had no actual notice of the class action. Once they were made aware, it took slightly less than two months for Movants to gather the needed affidavits, obtain local counsel and file the motion. Cf. Jamieson Order at 5 (finding neglect inexcusable where movants offered no explanation for four-month delay other than the need to retain local counsel). Furthermore, HFC could have avoided this delay by either sending the class notice to Movants' counsel of record, obtaining the correct forwarding address from Movants' counsel, or referring to the Acorn action

6

in its January 17, 2004 letter to Movants' counsel. There is no indication that Movants' delay was in bad faith, illustrated by their decision not to opt into the Washington State class action and their relatively prompt response once informed of the Acorn action.

Weighing all of these relevant circumstances and in the interests of equity, the Court will therefore allow Movants to opt out of this lawsuit, even though they did not file a request for exclusion within the applicable time period.

## CONCLUSION

For the foregoing reasons, Movants' motion to opt out is GRANTED (Docket No. 335). Defendants' objections to the reply affidavits and attachments are OVERRULED (Docket No. 375). The Court GRANTS Defendants' request for judicial notice of the Barrow, Jamieson and Woodward Orders (Docket No. 366).

IT IS SO ORDERED.

Dated: 5/27/05               /s/ CLAUDIA WILKEN
                             CLAUDIA WILKEN
                             United States District Judge

7

c-02-1240 CW

Carole K. Johnston
Law Offices of Carole K. Johnston
2600 Garden Road, Suite 330
Monterey, CA  93940

c-02-1240 CW