IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>HOUSEHOLD LENDING LITIGATION<br><br>_____/ | No. C 02-1240 CW<br><br>ORDER DENYING<br>MOTION TO OPT OUT |

David L. Hauger moves for an order allowing him to opt out of the class settlement of this case.  Defendants Household International, Inc., Household Finance Corporation II, Household Finance Corporation III, Household Realty Corporation, Beneficial Finance, Beneficial of Washington, Inc. and other related Household Finance corporate entities (collectively, HFC) oppose the motion.[1] Having considered the papers filed by the parties, the Court DENIES the motion to opt out.

---

[1] Defendants also request judicial notice of this Court's November 3, 2004 Order Granting in Part and Denying in Part Movants' Motion to Opt Out (the Barrow Order); November 23, 2004 Order Denying Movants' Motion to Opt Out (the Jamieson Order); November 23, 2004 Order Denying Movants' Motion to Opt Out (the Woodward Order); and May 24, 2004 Order Granting Movants' Motion to Opt Out (the Newman Order).  Defendants' request for judicial notice is GRANTED.

BACKGROUND

On August 7, 2003, Movant filed a complaint in the Court of Common Pleas for Berks County, Pennsylvania, against Beneficial Consumer Discount Company (Beneficial) alleging fraudulent and negligent misrepresentation. Movant's Reply, Ex. A., <u>Hauger v. Beneficial Consumer Discount Co.</u>, No. 03-08594. Beneficial is one of the Defendants in this action. On October 7, 2003, Beneficial filed preliminary objections to Movant's complaint. Movant's Reply, Ex. A. On October 28, 2003, Movant filed an opposition to Beneficial's preliminary objections. Movant's Reply, Ex. A.

On December 12, 2003, this Court issued a preliminary order approving a class action settlement of Movant's claims and providing for notice to the class (hereinafter the <u>Acorn</u> class settlement). That order required any person who wanted to be excluded from the settlement to mail a request for exclusion to the Settlement Administrator no later than twenty-one days prior to the April 30, 2004 fairness hearing, that is, no later than April 9, 2004. On April 30, 2004, this Court issued a final order approving the class settlement and a judgment.

Movant does not recall receiving any documents regarding opt-out procedures for the <u>Acorn</u> class settlement. Hauger Decl. ¶ 2.[2] The only documents he recalls receiving that related to the <u>Acorn</u> class action arrived "after settlement had been reached." Hauger Decl. ¶ 3. Movant does not explain whether "after settlement had

---

[2] Hauger's declaration, attached to his motion to opt out, is signed and dated January 10, 2005, four months before his motion was filed.

2

been reached" refers to the Court's preliminary or final approval of the Acorn settlement.  However, the Settlement Administrator's records indicate that notice was mailed to Movant's address of record in Fleetwood, Pennsylvania on December 22, 2003.  Redell Decl. ¶ 8; Stamm Decl. ¶ 6.  There is no record that the notice was returned by the postal service as undeliverable.  Redell Decl. ¶ 10.  Movant does not state that this address of record was incorrect.

On June 21, 2004, following supplemental briefing, Beneficial's preliminary objections to Movant's State court complaint were overruled.  Movant's Reply, Ex. A.  On July 27, 2004, Beneficial filed an answer to Movant's complaint in Pennsylvania state court.  Movant's Reply, Ex. A.  In his motion, Movant asserts that he first learned of the Acorn settlement from Beneficial's July 27 answer, which he received three months after the opt-out deadline.  However, this assertion is not supported by a declaration.  After learning of the Acorn settlement, Movant spoke to his attorney, and understood that his attorney would complete the opt-out procedures.  Hauger Decl., ¶¶ 5-6.

On December 12, 2004, Beneficial filed a motion for summary judgment.  Movant's Reply, Ex. A.  On January 13, 2005, Movant filed a response to Beneficial's summary judgment motion.  Movant's Reply, Ex. A.  The State court ordered Movant to file this motion to opt out, and stayed the Pennsylvania litigation.  Movant filed the instant motion on May 2, 2005.

3

LEGAL STANDARD

In requesting exclusion from the class after the April 9, 2004 opt-out deadline, Movant is effectively seeking relief from final judgment under Federal Rule of Civil Procedure 60(b). The standard for determining whether Movant should be allowed to opt out of the class after the applicable deadline is whether his failure to comply with the deadline is the result of "excusable neglect." Fed. R. Civ. P. 60(b). This standard allows courts, "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 388 (1993). It is appropriate for courts to accept such late filings when the party's neglect can be considered "excusable," a determination that is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. at 395. The relevant circumstances include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was in reasonable control of the movant, and whether the movant acted in good faith." Id.

DISCUSSION

Movant argues that his alleged failure to receive an opt-out notice and his good faith belief that his attorney had completed the opt-out procedure constitute excusable neglect.

In Pioneer, the Supreme Court held that when determining whether failure to act before the bar date was excusable, the

4

proper inquiry was whether the neglect of movants and their counsel was excusable. Pioneer, 507 U.S. at 396. The Supreme Court reasoned that "clients must be held accountable for the acts and omissions of their attorneys." Id.

First, Movant argues that he does not recall receiving any notice of opt-out requirements in the Acorn class settlement. However, the Settlement Administrator's records indicate that notice of opt-out procedures was mailed to Movant's address of record in December, 2003 and was not returned as undeliverable. Furthermore, Movant acknowledges that he has received other documents regarding the Acorn settlement. Movant does not state that his address of record is incorrect or give any explanation of why he did not receive the opt-out notice, but simply states that he does not "recall" receiving any such notice.

Next, Movant argues that, even after he had notice of the Acorn class settlement and opt-out requirements in July, 2004, his failure to opt out was excusable because he believed that his attorney would complete the opt-out process. However, Movant submits no evidence that he or his attorneys made any further efforts to ensure that he had successfully opted out of the settlement. Instead, Movant delayed until twelve months after the opt-out deadline before filing this motion. Furthermore, although Movant does not explain when or how he and his counsel learned of their mistake, his affidavit attached to this motion is signed and dated January 10, 2005. Therefore, at the latest, Movant knew by January 10, 2005 that he had failed to opt out, and yet he did not file this motion for another four months. Movant offers no excuse

5

for these delays, except to indicate that his case was reassigned to a new attorney at the same firm.

Movant cites <u>McCubbrey v. Boise Cascade Home & Land Corp.</u>, 71 F.R.D. 62, 71 (N.D. Cal. 1976), for the proposition that his individual lawsuit in Pennsylvania State court unequivocally expressed his desire to opt out. In <u>McCubbrey</u>, the court denied in part a motion by class-action defendants to enjoin individual suits by class members who had failed to timely opt out of the class action. Movant compares himself to the class members in <u>McCubbrey</u> who filed suits during the opt-out period, in lieu of formally opting out. However, Movant is more similarly situated to the <u>McCubbrey</u> class members who had filed individual complaints against the defendants prior to the opt-out period, who the court found were given inadequate notice of the need to take further opt-out action, and thus were not barred from prosecuting their suits. <u>Id.</u> at 67-69. Here, Movant has not shown that the notice was insufficient to inform him of the need to opt out. Instead, he relied on his attorney to complete the necessary procedures, which the attorney did not do.

Weighing all of the relevant circumstances, Movant's lengthy, unexplained delay in moving to opt out, even after he admittedly knew that he had failed to do so effectively, is not excusable neglect, and it is not rendered excusable by his prior initiation of a suit against one of the Defendants.

## CONCLUSION

For the foregoing reasons, Movant's motion to opt out is DENIED (Docket No. 383). The Court GRANTS Defendants' request for

6

judicial notice (Docket No. 387). Defendants' request for relief from opposing any future opt-out motions unless so ordered by the Court is denied, without prejudice to renewal if numerous repetitious motions are filed.

IT IS SO ORDERED.

Dated: 10/18/05

*Claudia Wilken*

CLAUDIA WILKEN
United States District Judge